IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JENNIFER CORDOVA,

    Plaintiff,

vs.                                                                                                       Civ. No. 23-113 WJ/SCY

BNSF RAILWAY COMPANY,

    Defendant.

## **ORDER GRANTING MOTION TO MODIFY DISCOVERY**

       This matters comes before the Court on Plaintiff's Motion to Modify Discovery, in which she seeks leave of the Court to serve one additional request for production. Doc. 89; *see also* Doc. 94 (response); Doc. 97 (reply). As background, the Court set discovery parameters early in the case, including a limit of 35 requests for production by each party to any other party. Doc. 24. Over the course of written discovery, Plaintiff served 35 requests for production on Defendant. *See* Docs. 94-1, 95-1.

       One of those requests, Request for Production No. 11, asked Defendant to:

> Produce a copy of every notice of investigation, notice of discipline or no discipline, investigation transcript, PEPA Review Board decision, BNSF audit or analysis of BNSF waiver, alternative handling, leniency, and Public Law Board decision for any one of the following alleged rule violations as a standalone allegation, or in any combination with any other rule violation, including those listed: falsifying an on-duty injury, GCOR 1.6 Conduct, GCOR 1.2.7 Furnishing Information, conduct leading to a felony conviction, failure to report a felony conviction to proper BNSF authority within 48 hours of conviction, GCOR 1.13, GCOR 1.6, and GCOR 1.6.2.

Doc. 94-1 at 12. This request was the subject of a motion to compel, in which the Court limited Defendant's response to the documents requested "for all employees investigated for similar conduct as Plaintiff (falsifying an on-duty injury and failing to report a felony conviction), limited to the time-frame of January 1, 2019 to the present, but without limitation to the position

or geographical division of the employees." Doc. 75 at 9. Defendant produced the ordered documents, including investigation transcripts, but did not include the exhibits to the investigation transcripts. When Plaintiff requested the investigation transcript exhibits, Defendant declined to produce them, arguing that "[t]he underlying request did not ask for investigation exhibits, and the Court's order therefore did not require production of exhibits" and that Defendant "does not agree with Ms. Cordova's position that 'exhibits . . . are reasonably part of the transcript.'" Doc. 89-3 at 6. Thus, in the present motion, Plaintiff seeks one additional request for production so that she may request the investigation transcript exhibits related to Request for Production No. 11.

The Court's scheduling order (which includes the request for production limit) "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. CIV 02-1146 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007) (internal citation omitted).

To meet the good cause standard, Plaintiff argues that she "has proceeded in discovery diligently, the exhibits to the investigation provide necessary insight into the disciplinary investigations of relevant employees also disciplined by BNSF, and the general subject matter of the additional request (disciplinary investigations) has been considered relevant by the Court." Doc. 89-1 at 4. Starting with the relevance argument, Defendant asserts that the exhibits are not relevant because the documents already produced in response to Request for Production No. 11 (i.e., the investigation transcripts) actually hurt Plaintiff's case and therefore the exhibits will too. Doc. 94 at 4. But whether documents hurt or help one side is not the standard for relevance. *See*

*Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (discovery relevance is "to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." (internal quotation and citation omitted)). And the Court agrees with Plaintiff that, for the same reason it found the investigation transcripts relevant (*see* Doc. 75 at 6-7), the exhibits to the investigation transcripts—i.e., documents such as witness statements and court documents that informed the investigations—are also relevant.

Defendant also argues that, even if the information is relevant, Plaintiff "does not cite any cases where relevance alone was found to constitute good cause for expanding the scope of Court-ordered discovery." Doc. 94 at 3. The Court need not analyze this argument because Plaintiff does not rely only on relevance to establish good cause. Plaintiff also argues that she has proceeded diligently in discovery and the Court agrees. First, as to written discovery generally, Plaintiff argues that she has "thus far worked within the parameters set by the Court and had not anticipated the need for more than the 35 requests for production set by the Court." Doc. 89-1 at 4. In response, Defendant asserts "this argument might have some appeal" had Plaintiff "been judicious with her 35 allotted requests" but instead, she "elected to use many of her requests to seek documents that have no bearing on this case." Doc. 94 at 1, 2. The examples that Defendant points to, however, demonstrate that Plaintiff was casting a wide net in order to gather relevant, circumstantial evidence of workplace retaliation. *See e.g.*, Doc. 94-1 at 10-11 (Request for Production No. 5, seeking communications between those involved in her investigation and termination); *id.* at 14 (Request for Production No. 17, seeking videos of Plaintiff during the time of her alleged work injury); *id.* at 15 (Request for Production No. 23, seeking Defendant's safety goals as to personal injuries and prevention).

Second, as to Request for Production No. 11 specifically, Plaintiff explains that she "omitted the term 'exhibits' based on Plaintiff's generalization" that "'transcripts' inherently include exhibits" and so is seeking the additional request to resolve this dispute.[1] Doc. 89-1 at 4. In other words, Plaintiff is not now seeking permission to serve a new line of discovery questions that she could have served in her original discovery requests, but is seeking the simplest path to resolve a dispute over the semantics of one of Plaintiff's timely and relevant requests. The Court agrees that Plaintiff has shown diligence with this discovery request as well as good cause to expand her request for production limit to 36 for the purpose of requesting investigation transcript exhibits related to Request for Production No. 11.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Modify Scheduling Order for an Additional Request for Production (Doc. 89) is GRANTED.

_____
Steven C. Yarbrough
United States Magistrate Judge

---

[1] Although not directly at issue in this motion, the Court is inclined to agree that Plaintiff's request for every "investigation transcript" necessarily includes exhibits attached to the transcripts.